[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bruce Kaz, appeals from a June 28, 2000 decision of the defendant, Freedom of Information of Information Commission ("FOIC"), denying relief against officials of the town of Suffield ("the town") and arising from a request for public records of the town. The appeal is taken pursuant to General Statutes §§ 1-206 (d) [formerly § 1-21i
(d)] and § 4-166 et seq. of the Uniform Administrative Procedure Act ("UAPA").
The record in this case shows as follows. By letter dated August 23, 1999, the North Central District Health Department ("the Health District") informed Scott Guilmartin, a member of the Suffield Planning and Zoning Commission, that he was violating the state public health code in his handling of washing machine waste water on his premises. (Return of Record ("ROR"), Item 1, pp. 6-7.) Subsequently, the letter was sent anonymously to newspaper reporters and other individuals during a time CT Page 8435 period in which Guilmartin was involved in a contested primary for his office.
On October 13, 1999, Guilmartin filed a complaint with the town, alleging that a town employee released the North Central letter without his permission to the newspaper reporters and the public in order harm his political campaign. (ROR, Item 7, p. 40.) On September 20, 1999, the town retained attorney Justin Donnelly to investigate Guilmartin's complaint. (ROR, Item 8, p. 41.) The investigation by Donnelly, which included interviews and the receipt of documents, was completed on or about November 17, 1999. (ROR, Item 1, p. 12.)
On or about November 8, 1999, Leo Smith requested release of correspondence involving the town's building department and an employee, Patricia Miner, who allegedly released the August 23, 1999 letter. (ROR, Item 10, p. 43.) Miner was asked by the town's human resources director if she objected to the release of the requested materials. On November 17, 1999, Miner stated that she "strongly objected" to the release. (ROR, Item 11, p. 44.)
In the final decision, the FOIC made the following findings of fact and conclusions of law:
 2. It is found that by letter dated December 3, 1999 to the respondents [Robert Skinner, First Selectman, Town of Suffield and Ted Flanders, Building Inspector, Town of Suffield], the complainant [Bruce Kaz] made a request for all documentation or correspondence related to the North Central District Health Department letter of August 23, 1999, including the investigation of the alleged "leak" of said letter and the billing statements of the attorneys handling the investigation.
 3. By letter dated December 3, 1999, the respondents responded to the complainant's request, providing him with some of the information, but denied the complainant's request with respect to the records pertaining to the investigation, claiming that the subject of the records [Patricia Miner] (hereinafter "the subject") requested that the information remain confidential, and claimed attorney client privilege with respect to the notes taken by the attorneys during their investigation.[1]
4. By letter dated December 15, 1999 and filed on CT Page 8436 December 16, 1999, the complainant filed an appeal with this Commission alleging that the respondent violated the Freedom of Information ("FOI") Act by failing to provide him with all of the requested records. The complainant asked for the imposition of a civil penalty.
* * *
 10. It is found that the requested records constitutes a "personnel" or "similar file" within the meaning of § 1-210 (b)(2), G.S. [formerly § 1-19 (b)(2), G.S.].
 11. It is found that the respondents received from the subject an oral objection and, by letter dated November 17, 1999, a written objection, to the disclosure of the requested records.
 12. It is found that while the objection was in direct response to a prior request by another individual, the respondents understood that the subject did not want the records disclosed at any time to anyone.
 13. Section 1-214 (c), G.S. [formerly § 1-20a(c), G.S.], provides in relevant part that "[u]pon the filing of an objection . . . the agency shall not disclose the requested records unless ordered to do so by the Freedom of Information Commission. . . .
 14. It is found, however, that on or about December 16, 1999, the subject of the records withdrew her objection and the respondents provided the complainant with all of the records maintained by the respondents which are responsive to his request except for the notes of the attorneys.
* * *
16. It is found that the respondents, after receiving answers to certain legal inquiries, determined that disclosure of the investigation report would be an invasion of the subject's personal privacy because (1) there was no findings of a violation of any laws or duties on the part of the subject and (2) the subject may receive a degree of harassment at her home CT Page 8437 regarding the matter because of the subject's prominent position, and the position of certain other close family members, in a very small and somewhat politically charged town.
 17. It is found that while the respondents failed to apply the appropriate legal standards established by the Supreme Court in Perkins [v. FOIC, 228 Conn. 158
(1993)], in determining whether disclosure of the records would be an invasion of the subject's personal privacy, the respondents reasonably believed that disclosure of the records would be an invasion of the subject's personal privacy.
 18. It is therefore found that the respondents promptly complied with the complainant's request.
 19. It is concluded that the respondents did not violate the provisions of § 1-210 (a), G.S. [formerly § 1-19 (a), G.S.].
(ROR, Item 20, pp. 123-25.)
Based upon these findings, the FOIC denied the award of any civil penalty to the plaintiff and dismissed the complaint. (ROR, Item 20, pp. 125-26.) The plaintiff thereupon appealed to this court. Aggrievement is found as the plaintiff was denied an award of civil penalties and access to the attorneys' files. Wildin v. Freedom of Information Commission,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572290 (June 17, 1998, DiPentima, J.).
In an administrative appeal, the UAPA sets forth the standard of review for the court. General Statutes § 4-183 (j). That familiar standard was well set forth in Domestic Violence Services of Greater New Haven,Inc. v. FOIC, 47 Conn. App. 466, 469-70 (1998) as follows:
The scope of permissible review is governed by § 4-183
(j) and is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [agency]. . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the CT Page 8438 commissioner, we cannot disturb the conclusion reached by him. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion.
(Citations omitted; footnote omitted; internal quotation marks omitted.)
The first issue raised by the plaintiff is that he is entitled to the investigative report's supporting documents[2] now in the possession of attorneys McAnaney and Donnelly and that the FOIC erred in not ordering disclosure. The town made a motion to dismiss this claim prior to the hearing before the FOIC and the plaintiff objected to the motion. (ROR, Item 3, pp. 29-34.) The hearing officer inexplicably did not rule on this motion or objection. No evidence was taken at the hearing as it related to the attorneys' supporting documents.
The town correctly relies upon the case of Skew v. Freedom ofInformation Commission, 245 Conn. 149 (1998) to argue that there are two possible exceptions here from the disclosure provisions of the Freedom of Information Act ("FOIA") — attorney-client privilege under General Statutes § 1-210 (b) (10) [formerly § 1-19 (b) (10)] and preliminary drafts and notes under General Statutes § 1-210 (b)(1) [formerly § 1-19 (b)(1)]. Because the FOIC error, however, the court cannot rule on the applicability of Shew.
Shew holds that the attorney-client privilege protects "communications" from town employees to the attorney. Shew v. Freedom of InformationCommission, supra, 245 Conn. 159. Here, there is nothing of record, not even a list, to indicate what is contained in the attorneys' files. There may be documents that are not "communications." There may be communications from non-current employees, communications about matters not the subject of the investigation, and communications not made in confidence. Each of these items would not be protected by the attorney-client privilege. Id.
As regards the preliminary draft exception, in Shew, after holding that the documents are preliminary drafts, the Supreme Court approves of the trial court's remand to determine whether the town has determined that the "public interest in withholding such documents clearly outweighs the public interest in disclosure. . . ." (Citations omitted.) Shew v. Freedomof Information Commission, supra, 245 Conn. 167. Whether this weighing occurred in this case is not in the record. Therefore, the case must be remanded to the FOIC for the appropriate factual considerations to be made on the applicability of Shew.[3]
CT Page 8439
For his second issue, the plaintiff contends that the court should find that the FOIC wrongly concluded that the town did not violate FOIA in its disclosure of the records, other than the attorneys' notes. One part of this claim is finding of fact number 18 that the town "promptly complied" with the plaintiff's request. This is a factual decision and is governed by the substantial evidence rule, quoted above. The court may not reevaluate the FOIC's conclusion that the town was prompt.
The plaintiff also challenges the town's application of General Statutes § 1-214, the provision allowing an employee to make a claim for invasion of privacy and requesting the town to delay disclosure. The court will not rule on this issue. The town has already turned over all the requested documents. It has agreed in open court to a workshop on the Freedom of Information Act as prepared by the FOIC. In addition the FOIC concluded in its decision that the town "failed to apply the appropriate legal standards established by the Supreme Court in Perkins." (ROR, Item 20, p. 125, ¶ 17.) The plaintiff at oral argument abandoned his claim for a civil penalty.
As the court in Sobocinski v. Freedom of Information Commission,213 Conn. 126, 135 (1989) stated: "This court will not decide moot questions where there is no actual controversy or where no actual or practical relief can follow from their determination. . . ." (Citations omitted.) The plaintiff's appeal is sustained as to the issue of the attorney's notes and remanded to the FOIC for further proceedings in accordance with this opinion.
Henry S. Cohn, Judge